NORMAN B. BLUMENTHAL, ESQ. (SBN 068687)
KYLE R. NORDREHAUG, ESQ. (SBN 205975)
APARAJIT BHOWMIK, ESQ. (SBN 248066)
CHRISTINE T. LEVU, ESQ. (SBN 288271)
ANDREW G. RONAN, ESQ. (SBN 312316)
2255 CALLE CLARA
LA JOLLA, CA 92037
T. 858-551-1223 | F. 858-551-1232

Attorneys for Plaintiff MARIA SEGISMUNDO

BARBARA A. COTTER, ESQ. (SBN 142590)
ALEXIS GABRIELSON, ESQ. (SBN 298738)
COOK BROWN, LLP
2407 J STREET, SECOND FLOOR
SACRAMENTO, CALIFORNIA 95816
T. 916-442-3100 | F. 916-442-4227
Email: bcotter@cookbrown.com
       agabrielson@cookbrown.com

Attorneys for Defendant RANCHO MURIETA COUNTRY CLUB

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SEGISMUNDO, on behalf of the State of California as a private attorney general,<br><br>Plaintiff,<br>v.<br>RANCHO MURIETA COUNTRY CLUB, a California Corporation and DOES 1 through 50, inclusive,<br>Defendants. | Case No. 2:21-cv-02271-JAM-JDP<br><br>**JOINT RULE 26(f) STATUS REPORT**<br><br>Action Filed: September 23, 2021 |

TO THE HONORABLE JUDGE JOHN A. MENDEZ:

Pursuant to the Court's December 10, 2021 Order Requiring Service of Process and Joint Status Report, Counsel for Plaintiff Maria Segismundo ("Plaintiff") and Defendant Rancho Murieta Country Club ("Defendant") met and conferred on the

issues of the complaint as well as for the purpose of preparing this Joint Rule 26(f) Status Report.

**JOINT REPORT**

    **A.**    **Nature of case**:  Defendant is a private golf and tennis club located in Rancho Murieta, California. Defendant contends its compensation practices are determined by two separate collective bargaining agreements negotiated respectively with Unite Here Local 49 and Operating Engineers Local 3.  Plaintiff was employed by Defendant as a banquet server and during her employment was a member of Unite Here. Plaintiff brings this action for civil penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA").

    **B.**    **Service of process**: All parties are served.

    **C.**    **Joinder**: No joinder is anticipated.

    **D.**    **Amendment of pleadings**: None are anticipated at this time. Plaintiff requests that Doe Defendants not be dismissed at this time as discovery has yet to commence.

    **E.**    **Jurisdiction and venue**:  Defendant asserts federal jurisdiction is appropriate as resolution of the claims requires interpretation of two collective bargaining agreements which govern its pay practices for the majority of its employees, namely the culinary workers and the grounds crew.  Defendant has removed this action and the related class and tort action on this basis. On January 6, 2022, Plaintiff timely filed a Motion to Remand Case to State Court (Dkt. No. 9). As set forth in greater detail in Plaintiff's Motion to Remand, Plaintiff asserts that Defendant has failed to establish LMRA preemption because Plaintiff's claims are predicated on state law violations and do not require interpretation of these two collective bargaining agreements. The hearing on Plaintiff's Motion to Remand is scheduled to be heard on March 1, 2022.

    **F.**    **Anticipated motions and the scheduling of motions**:  Defendant intends to file a motion for summary judgment and or summary adjudication

addressing both the substance of Plaintiff's claims, but also the question of manageability, particularly with respect to the interpretation of the collective bargaining agreements governing the majority of its workforce. While Plaintiff does not anticipate filing any motions at this time, Plaintiff reserves the right to file a disposition motion depending on the outcome of discovery. In addition, and as discussed further herein, while Plaintiff has provided a draft *Belaire-West* notice and protective order to Defendant, should a dispute arise regarding production of contact information, payroll records, time records, and wage statements, Plaintiff reserves the right to bring a motion regarding production of such documents.

      **G.**     **Anticipated discovery and the scheduling of discovery, including**:

           **(1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

           **(2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

           **(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed; and**

           **(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2).**

      The Parties disagree as to the timing of the Rule 26 disclosure. Defendant requests that disclosure occur two weeks after the Court's issuance of a scheduling order in this matter. Plaintiff requests that the Rule 26 disclosure take place two (2) weeks from the filing of this Joint Report. Defendant anticipates discovery regarding plaintiff's allegations of meal and rest break and wage violations. Plaintiff will propound an initial round of discovery in the near future pertaining to the allegations set forth in the complaint, including, but not limited to Defendant's meal and rest break policies, compensation policies, time recording and tracking policies, employee

handbooks, schedules, job descriptions, training documents, and Defendant's expectations of Plaintiff and the Aggrieved Employees. Plaintiff will also seek the production of payroll and time records for the Aggrieved Employees in an electronic, searchable format, such as in a Microsoft Excel spreadsheet. Additionally, Plaintiff will seek the production of Aggrieved Employee contact information pursuant to the protections of a protective order and/or issuance of a *Belaire-West* notice. To that end, a draft *Belaire-West* notice and protective order has been sent to Defendant for review. Following this initial round of discovery, Plaintiff will take the deposition of Defendant's corporate designee pursuant to Fed. R. Civ. Proc. 30(b)(6) and reserves the right to take the depositions of other employees of Defendant based on the progress of discovery. Plaintiff believes that discovery should not be phased and respectfully submits that no orders should be issued regarding phasing or bifurcation without further briefing on this issue.  No changes to the Rules are necessary at this time.  Expert disclosure should be ninety days prior to trial.

      **H.**     **Future proceedings, including setting appropriate cut−off dates for discovery, law and motion, and the scheduling of pretrial and trial**:  Defendant recommends that discovery cut-off and law and motion dates be set once a trial date is set.  Defendant believes the case should be ready for trial one year from the date of the pretrial scheduling conference.

      **I.**     **Appropriateness of Special Proceedings**: Not necessary.

      **J.**     **Estimate of trial time**:  5 – 7 days

      **K.**     **Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings**:  No modification is necessary at this time.

      **L.**     **Whether the case is related to any other case, including any matters in bankruptcy**:  This case is related to a Class Action brought by plaintiff against the

same defendant: *Maria Segismundo v. Rancho Murieta Country Club*, Case No. 2:21-cv-02272-JAM-JDP.

  **M.**  **Should a Settlement Conference be scheduled**: Yes.

  **N.**  **Any other matters that may add to the just and expeditious disposition of this matter**: As set forth above, Plaintiff has provided a draft *Belaire-West* notice to Defendant and seeks guidance from the Court if the Parties are unable to agree on the contents or administration of the notice. Defendant asserts that a Belaire-West notice is not necessary at this time. Its ability to unilaterally disclose employee contact information is constrained by the collective bargaining agreements governing the employment of its culinary workers and grounds crew. Accordingly, Defendant will need to meet and confer with union representatives before entering into any agreement with a third party regarding such disclosure.

DATED: February 7, 2022  BLUMENTHAL NORDREHAUG
  BHOWMIK DE BLOUW
  CHRISTINE T. LEVU, ESQ.
  ANDREW G. RONAN, ESQ.

  By: */s/ Andrew G. Ronan*
    Attorneys for Plaintiff
    MARIA SEGISMUNDO

DATED: February 7, 2022  COOK BROWN, LLP
  BARBARA A. COTTER, ESQ.

  By: */s/ Barbara A. Cotter*
    Attorneys for Defendant
    RANCHO MURIETA COUNTRY CLUB

**ATTESTATION REGARDING ELECTRONIC SIGNATURES**

I, Andrew G. Ronan, attest that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing. I declare under penalty of perjury, under the laws of the United States of America and the State of California, that the foregoing is true and correct.

/s/ *Andrew G. Ronan*
Andrew G. Ronan

# CERTIFICATE OF SERVICE [F.R.C.P. §5]

I am a citizen of the United States and a resident of the State of California. I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2255 Calle Clara, La Jolla, California 92037.

On February 7, 2022, I served the document(s) described below in the manner set forth below:

**1. JOINT RULE 26(f) REPORT**

__XX__ (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Eastern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

__XX__ (Federal): I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 7, 2022, at La Jolla, California.

　　　　　　　　　　　　　　　　　　　　　 /s/ *Andrew G. Ronan*
　　　　　　　　　　　　　　　　　　　　　Andrew G. Ronan