UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SEGISMUNDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RANCHO MURIETA COUNTRY CLUB,<br><br>　　　　　Defendant. | No. 2:21-cv-02271-DAD-JDP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. No. 9) |

　　　　This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court. (Doc. No. 9.) On February 23, 2022, plaintiff's motion was taken under submission by the previously assigned district judge on the papers. (Doc. No. 16.) On August 25, 2022, the case was reassigned to the undersigned. (Doc. No. 19.) For the reasons set forth below, the court will grant plaintiff's motion to remand.

**BACKGROUND**

　　　　Plaintiff Maria Segismundo filed two separate lawsuits in the Sacramento County Superior Court against defendant Rancho Murieta Country Club. In the first action, plaintiff had filed a complaint on September 23, 2021, alleging that defendant violated various provisions of the California Labor Code. *See Segismundo v. Rancho Murieta Country Club*, No. 2:21-cv-02272-DAD-JDP, Notice, Doc. No. 1-1 at 4 (E.D. Cal. Dec. 9, 2021) ("*Segismundo I*"). On the same day, Plaintiff filed a complaint in a separate action, alleging a single state law cause of

action under the Labor Code Private Attorneys General Act of 2004, California Labor Code §§ 2698–2699 ("PAGA"). (Doc. Nos. 1 at ¶ 1; 1-1 at ¶ 5.) Plaintiff's PAGA claim is predicated on the same alleged labor code violations that appear in *Segismundo I*. (Doc. No. 1-1; *Segismundo I*, Compl., Doc. No. 1-1 (E.D. Cal. Dec. 9, 2021).)

On December 9, 2021, defendant filed a notice of removal in both cases. (Doc. No. 1; *Segismundo I*, Notice, Doc. No. 1 (E.D. Cal. Dec. 9, 2021).) Defendant removed this case here on the same grounds as it did in *Segismundo I*, that is, that plaintiff's wage and hour claims require interpretation of two collective bargaining agreements (the "CBAs") and are preempted under § 301 of the Labor Management Relations Act ("LMRA"). (Doc. No. 1 at ¶ 5 n.2.) On December 22, 2021, the previously assigned district judge issued a related case order, relating the *Segismundo I* action to the present one. (Doc. No. 8.) Plaintiff's pending motion to remand in the present action was filed on January 6, 2022. (Doc. No. 9.) Defendant filed its opposition to the pending motion on February 15, 2022, and plaintiff filed her reply thereto on February 22, 2022. (Doc. Nos. 13, 15.) On August 25, 2022, this case was reassigned to the undersigned. On October 17, 2022, this court granted plaintiff's motion to remand in the related *Segismundo I* case. *Segismundo I*, Order, Doc. No. 21 (E.D. Cal. Oct. 17, 2022).

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If there is

any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule."). "[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398–99.

Section 301 of the LMRA, codified at 29 U.S.C. § 185(a), provides federal courts with original jurisdiction, regardless of the amount in controversy or citizenship of the parties, over any lawsuits "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). In the specific context of preemption under § 301 of the LMRA, the Ninth Circuit has recognized that preemption "has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting

3

*Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Section 301 "authoriz[es] federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Id.* at 1151 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) and *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962)). As the Ninth Circuit has explained,

> federal preemption under § 301 "is an essential component of federal labor policy" for three reasons. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 917–18 (9th Cir. 2018) (*en banc*). First, "a collective bargaining agreement is more than just a contract; it is an effort to erect a system of industrial self-government." *Id.* at 918 (internal quotation marks and citations omitted). Thus, a CBA is part of the "continuous collective bargaining process." *United Steelworkers v. Enter. Wheel & Car Corp.* (*Steelworkers III*), 363 U.S. 593, 596 (1960). Second, because the CBA is designed to govern the entire employment relationship, including disputes which the drafters may not have anticipated, it "calls into being a new common law—the common law of a particular industry or of a particular plant." *United Steelworkers v. Warrior & Gulf Navigation Co.* (*Steelworkers II*), 363 U.S. 574, 579 (1960). Accordingly, the labor arbitrator is usually the appropriate adjudicator for CBA disputes because he was chosen due to the "'parties' confidence in his knowledge of the common law of the shop and their trust in his personal judgment to bring to bear considerations which are not expressed in the contract as criteria for judgment." *Id.* at 582. Third, grievance and arbitration procedures "provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process." *Schurke*, 898 F.3d at 918 (internal quotation marks and citation omitted).

*Id.* at 1152.

The determination of whether a claim is preempted by § 301 is made by way of a two-step inquiry. The first question is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law," or if instead the right is conferred by a CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). This step requires the court to consider "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (citation omitted). If the asserted cause of action is conferred solely by the CBA, the claim is preempted. *Burnside*, 491 F.3d at 1059. If not, the court must still decide whether the claim is "'substantially dependent' on the terms of a CBA" by determining "whether the claim can be resolved by 'looking to' versus interpreting the CBA." *Id.* at 1059–60 (citations omitted). "The term 'interpret' is defined

4

narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). If the claim requires interpretation of the CBA, the claim is preempted; if the claim merely requires "looking to" the CBA, it is not preempted. *Burnside*, 491 F.3d at 1060. Once preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

## ANALYSIS

In its notice of removal, defendant asserts that this court has federal question jurisdiction over this action because adjudication of plaintiff's PAGA claim requires interpretation of the terms of the CBAs between itself and certain unions, and, therefore, plaintiff's claims are preempted by § 301 of the LMRA. (Doc. No. 1 at ¶ 5.) In the pending motion to remand, plaintiff argues that the predicate California Labor Code violation claims are not preempted because those claims do not rely on the CBAs or depend on interpretation of the CBAs' provisions. (Doc. No. 9-1 at 6.)

It is the underlying character of a claim that determines whether the claim is preempted under the LMRA. *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 748 (S.D. Cal. 2021). PAGA does not create any substantive rights nor impose any legal obligations. *Amalgamated Transit Union, Loc. 1756, AFL-CIO v. Superior Ct.*, 46 Cal. 4th 993, 1003 (2009). Rather, it is "simply a procedural statute allowing an aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be sought by state labor law enforcement agencies." *Id.* Thus, here, whether the court has subject matter jurisdiction over the derivative PAGA claim depends on whether the court has jurisdiction over the underlying predicate California Labor Code violations. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1150 n.3 (9th Cir. 2019) (noting that the PAGA claim depended on the predicate California Labor Code violation); *Franco v. E-3 Sys.*, Nos. 19-cv-01453-HSG, 19-cv-02854-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) ("PAGA claims are derivative of the predicate California Labor Code violations, and therefore rise and fall with those underlying claims."); *Radcliff*, 519 F. Supp. 3d at 748 ("[I]f [the court] has original jurisdiction over these predicate claims, it also has original

jurisdiction over Plaintiff's PAGA claim.").

In the related *Segismundo I* case, this court concluded that plaintiff's California Labor Code violation claims were not preempted, and, thus, that it lacked subject matter jurisdiction over that action. *Segismundo I*, Order, Doc. No. 21 (E.D. Cal. Oct. 17, 2022). To avoid delay and repetition, the court incorporates by reference its analysis in *Segismundo I* granting remand, and it concludes that neither the complaint, notice of removal, motion to remand, opposition, or reply in the instant case give rise to a different result. Because defendant has failed to show by a preponderance of the evidence that plaintiff's wage and hour claims triggered preemption under the LMRA in *Segismundo I*, the court does not have subject matter jurisdiction over the derivative PAGA claim. *See id.*; *see also Alexander v. Republic Servs., Inc.*, No. 2:17-cv-0644-WBS-AC, 2017 WL 2189770, at *6 (E.D. Cal. May 18, 2017) (remanding the plaintiff's PAGA action after finding that none of the underlying California Labor Code violation claims were preempted by § 301 of the LMRA); *cf. Franco*, 2019 WL 6358947, at *4 (concluding that the court had jurisdiction over PAGA claims because it had jurisdiction over the predicate California Labor Code violation claims); *Radcliff*, 519 F. Supp. 3d at 752 (concluding that the plaintiff's PAGA action, which was, in part, predicated on the meal period claim, was preempted by § 301 of the LMRA because the meal period claim was preempted).

## CONCLUSION

For the reasons explained above:

1. Plaintiff's motion to remand (Doc. No. 9) is granted;
2. This action is remanded to the Sacramento County Superior Court due to this court's lack of subject matter jurisdiction; and
3. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **October 19, 2022**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

6

7